UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

ROSALBA CAMPANILE,

    Debtor.

Case No. 17-24902 (JNP)

Chapter 13

# MEMORANDUM DECISION DENYING MOTION
# TO ALLOW LATE FILED PROOF OF CLAIM

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Eagle One Federal Credit Union ("Eagle One"), filed a motion seeking to file a claim after the bar date (the "Motion"). The Debtor opposes the Motion. For the reasons discussed below, the Motion will be denied.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (B).

## Background

Eagle One held a junior lien (the "Lien") on Debtor's property located at 320 Billingsport Road, Paulsboro, New Jersey (the "Property"). The Lien was subordinate to one held by Wells Fargo. The Debtor filed bankruptcy on July 24, 2017 (the "Petition Date"). Eagle One's Lien was listed on the Debtor's schedules. Dkt. No. 1. The deadline for filing claims was November 22, 2017, and the Debtor's plan (the "Plan") was confirmed on April 5, 2018. Dkt. No. 18. The Plan does not provide for any payments to be made to Eagle One, and states that Eagle One's claim is unaffected by the Plan. Dkt. No. 3. Eagle One admits that it received notice of the bankruptcy, the claims deadline and the Plan. Nevertheless, Eagle One did not file a proof of claim.

On April 23, 2018, Wells Fargo was granted relief from the automatic stay. Dkt. No. 21. Following this, a foreclosure auction was held at which the Property was sold. The proceeds of the sale were insufficient for Eagle One to recover any of funds from the sale on account of the Lien. Id.

On November 7, Eagle One filed the Motion, requesting its late proof of claim be allowed, and the Debtor filed opposition. Dkt. No. 25. A hearing was held on December 4, at which both parties appeared, and argued the Motion.

## Discussion

Section 502(a) of Title 11 of the United States Code (the "Bankruptcy Code"), begins with the premise that "[a] claim or interest, proof of which is filed under section 501 . . . is deemed allowed, unless a party in interest . . . objects." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449 (2007) (quoting 11 U.S.C. § 502). However, "even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)" of the Bankruptcy Code. Id. "Only if a valid objection to the claim is made will a claim be disallowed." In re Patwari, 2016 WL 3443894, at *3 (Bankr. D.N.J. 2016) (citing 11 U.S.C. § 502(b)).

Among other exceptions listed, section 502(b) states that the court shall allow a claim "except to the extent that - (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure . . . ." 11 U.S.C. § 502(b)(9). Further, Federal Rule of Bankruptcy Procedure ("Rule") 3002(c) states that in a Chapter 13 case, a proof of claim must be filed within 90 days of the first date set for the meeting of creditors.[1] Fed. R. Bankr. P. 3002. Rule 3002 lists

---

[1] Rule 3002 was amended in December 2017, after this case was filed. While this decision is based upon the Rule as it existed prior to the amendment, the amendment would not alter the reasoning or result, as explained below.

2

six exceptions, under which a claim could be filed after the bar date and still be considered "timely", but none of those are applicable in this case.

### A. Rule 9006 and Excusable Neglect

Eagle One argues that its failure to file was due to excusable neglect, and citing to Rule 9006 and Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993), that it should be permitted to file a late claim under these circumstances. In Pioneer, the Supreme Court found that the excusable neglect standard of Rule 9006(b)(1) applies to the filing of tardy proof of claims in Chapter 11 bankruptcy cases. 507 U.S. at 388 (1993).

However, Rule 9006(b)(3) specifically excludes Rule 3002(c) from the excusable neglect standard of Rule 9006(b)(1). Rule 9006(b)(3) states "[t]he Court may enlarge the time for taking action under Rules . . . 3002(c) . . . only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3). As noted above, the filing of claims in Chapter 13 cases is governed by Rule 3002(c). Accordingly, while Rule 9006(b)(1) gives courts discretion to extend various deadlines under the Bankruptcy Rules, that discretion does not exist when Rule 3002(c) is implicated. Pioneer does not alter this, as the Supreme Court in that case was considering the filing of claims in Chapter 11 cases, not in Chapter 7, 12, and 13 cases. Moreover, Pioneer specifically distinguishes between the rules governing filing claims in Chapter 11 cases, and those governing the filing of claims in other chapters. See Pioneer, 507 U.S. at 389. Thus, unless one of the six exceptions in Rule 3002(c) applies, the Rule is an absolute bar to claims filed after the bar date that are opposed. In re Bendezu, 2016 WL 3462040, at *1 (Bankr. D.N.J. 2016) (citing In re Brooks, 414 B.R. 65, 72 (Bankr. E.D. Pa. 2009) ("Here, case and statutory law are in agreement that a bankruptcy court may not extend the bar date in a chapter 13 case.")); In re Jensen, 333 B.R. 906, 909 (Bankr. M.D. Fla.2005) ("Courts that have addressed the interaction of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) . . . have consistently concluded that the three provisions reflect

3

Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases.")).

The caselaw is clear that the bar date for filing proofs of claim in a Chapter 13 case is a strict deadline which may not be extended by the court. In re Brooks, 414 B.R. 65, 71-72 (Bankr. E.D. Pa. 2009). Excusable neglect does not apply in Chapter 13 cases. In re Coastal Alaska Lines, Inc., 920 F.2d 1428, 1429 (9th Cir. 1990). As such, the Court cannot grant the Motion based on excusable neglect.

### B. Secured Claims in Bankruptcy

Eagle One next argues that because its claim is premised on a lien against the Property, it was a secured creditor, and thus not required to file a proof of claim in this case. Eagle One cites In re Dennis 230 B.R. 244 (Bankr. D.N.J. 1999) and In re Wolf 162 B.R. 98 (Bankr. D.N.J. 1993) in support of the proposition that secured lenders are not required to file a proof of claim in Chapter 13 cases. Eagle One implicitly argues that since it was not required to file a proof of claim, it should be permitted to file a proof of claim at any time during the case. For the following reasons, this argument is unpersuasive.

Prior to the 2017 amendment to Rule 3002, bankruptcy courts struggled with whether the deadline for filing proofs of claims applied to secured creditors. Dennis, 230 B.R. at 246. This was due to the language of Rule 3002, which stated that "an unsecured creditor . . . must file a proof of claim . . . for the claim . . . to be allowed. . .." Dennis, 230 B.R. at 246 (quoting 11 U.S.C. § 501, Fed. R. Bankr. P. 3002) (emphasis added). Because Rule 3002(a) mentioned only unsecured creditors, not secured creditors, this may have suggested that secured creditors need not file proofs of claim. Id.; In re Dumain, 492 B.R. 140, 143 (Bankr. S.D.N.Y. 2013) (citing In re Hogan, 346 B.R. 715, 719 (Bankr. N.D. Tex. 2006)).

However, the Bankruptcy Code clarifies this by including in section 501 that "[a] creditor or an indenture trustee may file a proof of claim" and in section 502 stating that "[a] claim or

4

interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §§ 501, 502. Therefore, a proof of claim creates a claim that is presumptively allowed unless a party in interest objects. Dumain, 492 B.R. at 143 (citing 11 U.S.C. §§ 501, 502). Moreover, Rule 3021 states that "distribution shall be made to creditors whose claims have been allowed." Fed. R. Bankr. P. 3021. Thus, in order to receive a distribution through a confirmed plan, a creditor must have an allowed claim. Dumain, 492 B.R. 140.

As Eagle One argues, Dennis does indeed state that a secured creditor is not required to file a proof of claim in a Chapter 13 case. 230 B.R. at 252. This is because "a secured lien passes through bankruptcy unaffected." Id.; Estate of Lellock, 811 F.2d 186, 187-88 (3d Cir.1987). Thus, "[a] secured creditor may rely on its lien, even if it fails to file a proof of claim." In re Radogna, 2007 WL 1461810, at *2 (E.D. Pa. 2007) (citing 11 U.S.C. § 506(d)(2)). Failure to file a claim or filing a claim after the bar date does not affect a secured lender's rights in property. Lellock, 811 F.2d at 187-88. "When a lien secures real property, 'the creditor's lien stays with the real property until the foreclosure.'" Id. (citing Dewsnup v. Timm, 502 U.S. 410, 417 (1992)). "That is, a bankruptcy may extinguish personal obligations, but not in rem obligations. Id. (citing Johnson v. Home State Bank, 501 U.S. 78, 83-84 (1991)).

However, as explained above, "[i]n order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf." In re Martinez, 513 B.R. 779, 783 (Bankr. D.P.R. 2014) (quoting In re Baldridge, 232 B.R. 394, 396 (Bankr. N.D. Ind. 1999)). Proofs of claim are the basis for distribution in bankruptcy. Id. (citing 11 U.S.C. §§ 501 and 502; William D. Warren, Daniel J. Bussel & David A. Skeel, Jr., Bankruptcy, Foundation Press, 9th ed., 2012, p. 78). "Sections 1325, 502(a), and 506 of the Bankruptcy Code effectively require a secured creditor to file a proof of claim in order to participate in distributions from a confirmed plan for the unsecured portion of the allowed secured

5

claim." Basic Claim Filing Requirements, Bankr. Proc. Manual § 3002:1 (2018 ed.) (citing Dumain, 492 B.R. 140); see also In re Bisch, 159 B.R. 546, 549 (B.A.P. 9th Cir. 1993). The court in Bisch held that the failure to file a secured proof of claim in a bankruptcy case might mean that the lienholder will not receive a distribution from the estate. This may mean forfeiting any right to any distribution on a deficiency, but it does not waive the lien. See Bisch, 159 B.R. at 549.

The result, and the way courts have reconciled the negative implication of Rule 3002, with the strict requirements of Rule 3021 and sections 501, 502, and 1326, is that a secured creditor is not required to file a proof of claim in a Chapter 13 case, unless that creditor wishes to receive a distribution through the plan. See, e.g., Dennis 230 B.R. at 253; Bisch, 159 B.R. at 549; Martinez, 513 B.R. at 783; Dumain, 492 B.R. at 143. The recent amendment to Rule 3002 supports this conclusion. It provides, "[a] secured creditor, unsecured creditor . . . must file a proof of claim . . . to be allowed . . . ." Fed. R. Bankr. P. 3002 (emphasis added). The advisory note to the amendment states this is "a clarification", as opposed to a substantive change, to show that "a secured creditor, must file a proof of claim in order to have an allowed claim." Filing Proof of Claim or Interest, Bankr. Proc. Manual Rule 3002.

Neither case cited by Eagle One alters this analysis. Indeed, in Dennis, the court provides a sound and lengthy explanation why secured creditors that choose not to file proofs of claim in a timely fashion are not permitted to file tardy claims in a Chapter 13. 230 B.R. at 249. Wolf, 162 B.R. 98 (1993) is equally unpersuasive, in that it states secured creditors are not required to file proofs of claim but makes no argument permitting late filed proofs of claim are permitted in a Chapter 13.

### C. Remaining Arguments

Eagle One argues that the circumstances of this case are unique, in that it was a junior lienholder, and its Lien was wiped out by the foreclosure sale held after the Petition Date. Eagle

6

One argues that this creates an exception, permitting it to file a late proof of claim to protect its interests. This argument is unavailing.

To begin, no such exception is listed in the Bankruptcy Code or Rules, and Eagle One did not cite any case law in support of this argument. Further, section 506 of the Bankruptcy Code provides "[a]n allowed claim . . . is a secured claim to the extent of the value of such creditor's interest in . . . such property" and "an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Bank of Am., N.A. v. Caulkett, 135 S. Ct. 1995, 1997 (2015) (quoting 11 U.S.C. § 506). Thus, if the value of the property subject to the lien is less than the amount of the claim, the deficiency is an unsecured claim. Bankr. Proc. Manual § 3002:1. So, while a secured creditor's interests are protected by its lien, it is protected only up to the value of its lien - no further. A creditor can protect against this type of loss by filing a proof of claim, thus ensuring that it receives a distribution for any unsecured portion of its claim. See 11 U.S.C. §§ 506; 1325; 1326. In short, secured creditors are not required to file a claim to protect their liens in Bankruptcy, but are required to file a timely proof of claim in order to protect any unsecured claim it may have. The prudent creditor will file a proof of claim to protect against any deficiency in its lien. See Bankr. Proc. Manual § 3002:1 (citing 11 U.S.C. § 506); see also 11 U.S.C. § 101(5) (defining "claim" to include contingent, fixed, unmatured, disputed, secured or unsecured rights to payment.)

In this case, Eagle One did not have a secured claim, because there was no value in the Property to support the Lien and it was "unsecured claim to the extent that [Eagle One's] interest [in the Property]" was $0. 11 U.S.C. § 506. As such, Eagle One had only an unsecured claim, and failed to file a timely proof of claim. Moreover, tardy claims are not permitted in Chapter 13 cases, and in cases where a secured creditor is on notice, it must file a claim to be entitled to participate in the case. Dennis, 230 B.R. 244.

Finally, to the extent that Eagle One argues that the post-petition foreclosure sale was an unjust change in circumstances, the Court notes that the result would be the same outside of bankruptcy. If the Debtor had received a discharge in this Chapter 13, and Wells Fargo then foreclosed on the Property, and the sale price too low for Eagle One to recover its claim, Eagle One would still have no right to a distribution.

### Conclusion

For the reasons discussed above, the Motion is Denied.

Dated:   January 4, 2019

_____
JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE